UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY LYNN HARVEY and STATE OF TENNESSEE on relation of Gary Lynn Harvey, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:04-CV-192 ) (Jordan/Shirley) |
| JAMES MICHAEL EVANS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 50, 54] of the Honorable Leon Jordan, United States District Judge, for disposition of several pretrial motions. The undersigned conducted a hearing on these motions on May 5, 2005. For the reasons set forth below, Plaintiff's Motion for Leave to File Response to Knox County's Motion for Protective Order Instanter [Doc. 57] is **DENIED**; Defendant Knox County's Motion for Protective Order [Doc. 48] is **GRANTED IN PART** and **DENIED IN PART**; Plaintiffs' Motion for Protective Order [Doc. 53] is **GRANTED**; and Plaintiff's Motion to Compel Production of Documents and Depositions [Doc. 58] is **DENIED**.

**I.    Plaintiff's Motion for Leave to File Response**

Plaintiff seeks leave to file a response to Knox County's Motion for Protective Order. [Doc. 57]. Plaintiff's request is untimely, and therefore, Plaintiff's Motion for Leave to File Response to Knox County's Motion for Protective Order Instanter [Doc. 57] is **DENIED**.

**II.   Knox County's Motion for Protective Order**

In its Motion for Protective Order [Doc. 48], Defendant Knox County moves to strike Plaintiffs' Notice of Deposition from the record. While Defendant is correct that the Plaintiff should not have filed this notice pursuant to Fed. R. Civ. P. 5(d), the Court will not strike the notice. Rather, both parties are admonished to comply with Rule 5(d) in the future. Accordingly, Knox County's request as stated is **DENIED**.

Second, Knox County requests that the Plaintiff initiate a Rule 26(f) conference prior to unilaterally noticing depositions. This request is **GRANTED IN PART** and **DENIED IN PART**. The Court notes that it is not only the obligation of the Plaintiff but of all the parties to ensure that the required Rule 26(f) conference be held. The parties are hereby **ORDERED** to conduct a Rule 26(f) conference, and counsel for the parties shall attend such conference in person. At the hearing, the parties agreed to conduct the Rule 26(f) conference on May 6, 2005. Ms. Hayes is to be responsible for preparing the appropriate report for filing with the Court. The report shall include a list of witnesses to be deposed, including specific dates, times, and places for each deposition. Until the parties' meeting is concluded, the parties are not to engage in any further discovery, except by agreement of all counsel. In scheduling depositions, the parties are instructed that Sheriff Hutchison shall be deposed first, followed by the Plaintiff.

Knox County's third request is to be afforded 30 days to comply with Plaintiff's document production request. This request is **GRANTED**. This is an appropriate request under Fed. R. Civ. P. 30(b)(5). However, since the 30 days have long run, and the time requested by Knox County to comply has long run, this matter is **MOOT**, and Knox County will produce these documents by **May 12, 2005**.

2

In making document production requests, the parties are expected to comply with both Fed. R. Civ. P. 30, as well as Fed. R. Civ. P. 34, which provides for 30 days to respond to such a request unless a different time is either agreed to or ordered by the Court. Henceforth, all parties shall be expected to strictly comply with such rules. Further, when the issue is one of subpoenas, the parties are expected to follow Fed. R. Civ. P. 45 regarding objections and motions to quash and/or compel.

Knox County's fourth request is that the Plaintiff be required to modify his Rule 30(b)(5) document request to delineate which documents he seeks. Knox County argues that Plaintiff's request is unduly burdensome and overly broad as it is currently written. This request is **DENIED**. The Defendant should produce those documents it possesses which are responsive to Plaintiff's request. If Defendant objects to the production of certain documents, a specific, written objection should be made. The Plaintiff may choose to accept the objection or, after meeting and conferring with counsel, move for an order compelling production.

The Court finds no merit in Knox County's argument that Plaintiff's request for every writing that the deponent has filled out about the Plaintiff is unduly burdensome, overly broad or vague. If the deponent filled out a form or made a writing regarding the Plaintiff, the deponent should know what that document is and should produce it. If there are hundreds or thousands of such documents, Knox County should file an objection stating such. However, no showing has been made at this time that the request is unduly burdensome or overly broad. The Court notes that if the Plaintiff is seeking specific documents by this request, he should identify those specific documents to aid in Knox County's production.

Fifth, Knox County seeks permission to provide Plaintiff with copies of documents rather than originals as requested. This request is **DENIED**. Defendant shall produce the original documents for inspection. However, after inspection, the parties may substitute a copy for the record. If there are original documents which Defendant claims contains confidential or privileged information (and the Court notes that no showing has been made that the requested documents contain such information), such information may be covered over to "temporarily redact" the document to allow Plaintiff's counsel to inspect the original document without viewing the sensitive information. If Plaintiff does not object to the redaction, then the original may be copied with the redaction, and the copy may be substituted for use by counsel in discovery. If Plaintiff does object to such redaction, then Defendant will file a written objection to the production, specifically stating the nature and basis of the privilege and following the procedures established by Fed. R. Civ. P. 26(b)(5) and Sixth Circuit case law regarding the filing of a privilege log. If necessary, Plaintiff will then file a written response to the privilege log, and the Court will then rule.

The last request for relief by Knox County is that it should have to provide documents available from the Knox County Clerk or which have already been produced to Plaintiff's counsel in prior litigation. This request is specifically in reference to Plaintiff's Request No. 13, which seeks documents pertaining to insurance coverage or surety information for the Sheriff and the individual Defendants. This request is **DENIED**. Knox County is required to produce information regarding any insurance agreement, including any surety bonds, which "may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment" as part of its initial disclosures. Fed. R. Civ. P. 26(a)(1)(D). The argument that these documents are equally available to the Plaintiff as the Defendant is not a legitimate

4

objection. Moreover, the argument that these documents have already been produced to Plaintiff's counsel in litigation involving other plaintiffs is not an appropriate objection.

**III.     Plaintiff's Motion for Protective Order and Motion to Compel**

In Plaintiff's Motion for Protective Order [Doc. 53], Plaintiff seeks the following relief: (1) that Plaintiff not be required to attend his oral deposition noticed for May 4, 2005 and (2) that Plaintiff not be required to give his deposition until Sheriff Hutchison gives his deposition. In a supplement to this motion [Doc. 58], Plaintiff seeks a protective order so that his deposition is not taken until his criminal trial is concluded. In light of the Court's rulings with respect to Knox County's Motion for Protective Order, Plaintiff's request that the Sheriff be deposed first is **GRANTED**. With respect to Plaintiff's request that his deposition not be had, Plaintiff's request is **GRANTED**, to the extent that the Court shall recommend to the District Court, by way of a report and recommendation, that the present litigation be stayed until the resolution of the Plaintiff's criminal trial.

To the extent that Plaintiff's supplement [Doc. 58] also is a purported motion to compel, such motion is **DENIED**. There is no certification in the motion that the parties have met and conferred pursuant to the Rules of Civil Procedure. Furthermore, the Court has already addressed the issues underlying this motion in ruling on Knox County's Motion for Protective Order [Doc. 48].

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge