IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| GARY LYNN HARVEY and STATE OF TENNESSEE on relation of Gary Lynn Harvey, | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 3:04-CV-192 |
| JAMES MICHAEL EVANS, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |
| GARY LYNN HARVEY and STATE OF TENNESSEE on relation of Gary Lynn Harvey, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:04-CV-241 |
| JAMES MICHAEL EVANS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion for Summary Judgment of Defendant Timothy Hutchison in His Individual Capacity" [doc. 28] and "Defendant Timothy Hutchison's Supplemental Motion for Summary Judgment" [doc. 70]. Plaintiff has filed a response and a supplemental response to the original motion [docs. 46, 47]. In spite of twice being given additional time to file a substantive response to the

supplemental motion for summary judgment [docs. 81, 86],[1] plaintiff has not submitted any further response to this motion. The court has determined that oral argument is unnecessary, and the motions are ripe for the court's determination. For the reasons stated herein, the motions will be granted, and defendant Hutchison in his individual capacity will be dismissed.

I.

*Factual Background*

The facts that follow are taken from the complaint. The incident that generated this case occurred on May 10, 2003. Defendant deputy sheriff Evans knocked on plaintiff's apartment door and told him to turn his music down. Evans was a security guard at the apartment complex as well as a deputy sheriff. Plaintiff alleges that Evans tried to force his way into his apartment after plaintiff told Evans he could not enter. Evans left and approximately five minutes later defendants Gresham and Tipton, also deputy sheriffs, arrived on the scene. The three officers knocked on plaintiff's door and asked him to step outside. When plaintiff declined to step outside, the three officers entered the apartment and beat plaintiff such that he required medical attention.

The material allegations pertaining to defendant Hutchison are set out in the following paragraphs of the complaint:

---

[1] Plaintiff's initial response to the supplemental motion did not reach the merits of the motion [doc. 74].

## DEFENDANT HUTCHISON'S FAILURE AND NEGLECT TO PERFORM HIS DUTIES AS SHERIFF

100. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

101. Defendant HUTCHISON is required to perform duties as Sheriff of Knox County by Tennessee Law and Knox County Law.

102. Defendant HUTCHISON failed and neglected to perform the duties required of him to train, supervise and discipline his officers by failing to train and supervise his officers in their conduct while exercising their authority while working for private persons; by failing to train and supervise his officers on the entry into private residences; by failing to train and supervise his officers on the lawful use of force in making arrest for misdemeanors; by failing to train and supervise his officers on the use of pre and post misdemeanor citations; and by being deliberately indifferent to the use of excessive force by his officers.

103. Defendant HUTCHISON'S breach of his duty was a contributing cause of Plaintiff's injuries.

104. Plaintiff sues Defendant HUTCHISON for the breach of his duty.

. . .

## LIABILITY ON SHERIFF'S OFFICIAL BOND

109. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

110. Plaintiff brings this action on relation of the STATE OF TENNESSEE and sues Defendant HUTCHISON individually under his bond as provided for in T.C.A.[§] 8-18-

301[2] for Defendant HUTCHISON'S failures and neglect of the duties required of him as sheriff as specified in this complaint.[3]

Criminal charges were filed against the plaintiff as a result of the incident. This lawsuit was filed April 29, 2004. In August 2005, a trial was held on the criminal charges, resulting in the plaintiff being convicted on one count of assault and on one count of disorderly conduct.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[2] This section of the Tennessee Code Annotated does not exist. The court concludes that plaintiff is referring to Tennessee Code Annotated § 8-8-103 or § 8-8-301.

[3] The complaint also contains allegations against Hartford Insurance Company concerning defendant Hutchison's alleged violations of his obligations under his official bond. Those allegations and defendant Hartford Insurance Company have already been dismissed [doc. 40].

4

(1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Celotex Corp.,* 477 U.S. at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Liberty Lobby,* 477 U.S. at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id*. at 251-52.

III.

*Analysis*

The court will first address the allegations concerning the sheriff's official bond. Tennessee Code Annotated § 8-8-103 states:

> The Sheriff, before entering on the duties of that office, shall enter into an official bond prepared in accordance with the provisions of Chapter 19 of this title, in a penalty of not less than Twenty-Five Thousand Dollars ($25,000), or in a greater sum as the county legislative body may determine, **payable to the state**, and conditioned well and truly to execute and make due return of all process directed to the sheriff, and to pay all fees and sums of money received by the sheriff, or levied by virtue of any process, into the proper office of sheriff and perform its duties and functions during such person's continuance therein. This bond shall be acknowledged before the county legislative body, in open session, approved by it, recorded upon the minutes, and recorded in the offices of the county register of deeds and transmitted to the comptroller of the treasury for safekeeping.

T.C.A. § 8-8-103 (emphasis added). The obligations of the principal and the surety are set out in § 8-8-301 of the Tennessee Code Annotated. Nothing in § 8-8-103 or § 8-8-301 can be construed as authorizing a private party to bring a separate cause of action against the sheriff on his official bond.

In *Waters v. Bates*, 227 F. Supp. 462 (E.D. Tenn. 1964) this court held that the official bond of a sheriff does not create a private cause of action. The court stated:

> The plaintiff has placed considerable emphasis upon the sheriff's surety bond and the statutory definition of the obligations covered by the bond as set forth in T.C.A. [now codified as § 8-8-301], as forming a basis for imputing to the

6

> sheriff and the surety the negligence of [defendant]. However, it is clear that the official bond of a sheriff creates no new cause of action against him and that his official bond binds him no further than he would be liable without it . . . .

*Id*. at 465-66; *see also Doe v. May*, No. E2003-1642-COA-R3-CV, 2004 WL 1459402, at *5 (Tenn. Ct. App. June 29, 2004) (citing *Waters* with approval). This claim against Sheriff Hutchison cannot stand and must be dismissed.

The remaining allegations against defendant Hutchison concern his alleged failure to train and supervise his employees. On the face of these claims, it is not clear whether they are brought pursuant to 42 U.S.C. § 1983 or as state law negligence claims. However, in the response to the original motion for summary judgment, plaintiff states:

> Defendant Hutchison is not sued in his individual capacity under 42 U.S.C. § 1983.
>
> Defendant Hutchison is only sued for Tennessee State law claims.
>
> . . .
> There are no 42 U.S.C. § 1983 claims stated against Defendant Hutchison in his individual capacity.
>
> . . .
> Defendant Hutchison is sued individually for state court claims only.

[doc. 46]. Thus, the claims asserted against defendant Hutchison individually will be viewed solely as state law claims sounding in negligence.

However, these negligence claims cannot stand against defendant Hutchison in his individual capacity. Absent his official capacity, the sheriff has no duty to train his

deputies. *See Riley v. Newton*, 94 F.3d 632, 637 (11th Cir. 1996); *Doe v. May*, No. E2003-1642-COA-R3-CV, 2004 WL 1459402, at *5 (Tenn. Ct. App. June 29, 2004) ("absent his official status, the sheriff has no duty to train the employees in the sheriff's department"). In addition, the same principle applies to the failure to supervise allegation. In his individual capacity, the sheriff would have no duty to supervise the deputies in the sheriff's department.[4] Thus, the claims for a negligent failure to train and supervise must be dismissed.

Accordingly, for the foregoing reasons, the motion for summary judgment and supplemental motion for summary judgment filed by defendant Hutchison in his individual capacity will be granted. Defendant Hutchison in his individual capacity will be dismissed from this case. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[4] In *Doe v. May*, the Tennessee Court of Appeals also held that "any duty the sheriff had to conduct an internal affairs investigation of deputy May was a duty he owed to the public because of his official status. Therefore, any action against the sheriff individually is barred by the Public Duty Doctrine." *Id.* at *5 (citing *Chase v. City of Memphis*, 971 S.W.2d 380 (Tenn. 1998); *Ezell v. Cockrell*, 902 S.W.2d 394 (Tenn. 1995)). Arguably, this authority provides another basis for dismissal of the individual capacity failure to supervise claim.