IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| GARY LYNN HARVEY and STATE OF TENNESSEE on relation of Gary Lynn Harvey, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES MICHAEL EVANS, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) No. 3:04-CV-192 ) ) ) ) ) ) |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of "Plaintiff's Fed. R. Civ. P. 60(b) Motion For Relief From Judgment" filed by Gary Lynn Harvey [doc. 189]. Defendants have filed responses in opposition [docs. 191, 192, 193]. Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons that follow, the motion will be denied.

I.

*Background*

This civil action was originally filed in April 2004. In 2008, plaintiff's attorney was suspended from practicing in this court, and by order issued May 20, 2008, the case was stayed sixty days to allow plaintiff to obtain new counsel or proceed *pro se* [doc. 160]. Counsel did not appear on plaintiff's behalf. However, on October 21, 2008, the court

stayed the case an additional six months pending the appeal of plaintiff counsel's suspension [doc. 168]. At the end of the six month period, plaintiff filed no status report as ordered by the court [doc. 168], nor did new counsel appear on plaintiff's behalf. Defendants filed several dispositive motions [docs. 173, 177, 178]. On October 28, 2009, defendants filed two motions to dismiss for failure to prosecute [docs. 182, 183]. The plaintiff did not respond to these motions.

On November 4, 2009, the court issued an order requiring plaintiff to appear in person on January 12, 2010, and show cause why the case should not be dismissed for failure to prosecute. At the hearing on January 12, 2010, plaintiff appeared. The following exchange occurred between the court and plaintiff:

> THE COURT: Did you see the motions that have been filed against you in these proceedings?
>
> MR. HARVEY: Yes.
>
> THE COURT: And you have not filed any responses to the motions?
>
> MR. HARVEY: No. I ain't - - can't find a lawyer or nothing who would do it for me.
>
> THE COURT: Well, Mr. Harvey, the Court has given you every opportunity to defend yourself against these motions and gave you several years to find an attorney. We have delayed this case longer than normal. The Court doesn't have any choice but to dismiss your lawsuit. Okay?
>
> MR. HARVEY: Okay.

2

The order entered subsequent to the hearing dismissing the case states that the motions for failure to prosecute were granted "[f]or the reasons stated in open court and on the record" [doc. 188]. On January 12, 2011, plaintiff filed his motion for Rule 60(b) relief that is now before the court [doc. 189].

II.

*Standard of Review*

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for specific reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must show the applicability of the rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.")). Determination of a Rule 60(b) motion is within the discretion of the court. *H.K. Porter Co., Inc. v. Goodyear Tire &*

3

*Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976); *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578-79 (6th Cir. 1998); *Jinks*, 250 F.3d at 385. "However, relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks and citation omitted). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

III.

*Analysis*

Plaintiff has moved for relief under Rule 60(b)(2), (5), and (6). The court will address these subsections in turn.

**Rule 60(b)(2)**

The Sixth Circuit adheres to the "well-conceived rule that newly discovered evidence for motions under . . . Rule 60(b)(2) must pertain to evidence which existed at the time of trial." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, Nos. 05-2479, 06-2438, 2007 WL 2733336, at * 8 (6th Cir. Sept. 19, 2007) (citing *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990); 11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 2859 (1995)); *see also Satyam Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 428 (6th Cir. 2009);

4

*Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, 358 F. App'x 643, 653 (6th Cir. 2009).

Plaintiff's claim for relief under Rule 60(b)(2) fails as a matter of law. This case was dismissed for failure to prosecute on January 12, 2010. Plaintiff states that on December 30, 2010, the Tennessee Court of Criminal Appeals reversed his convictions and that this reversal gives him an opportunity to defeat a bar to his Fourth Amendment claims. This reversal is not evidence that existed at the time judgment was entered in this case; it came into existence almost a year later. *McFall v. Patton*, No. 99-5709, 2000 WL 1721043, at *2 (6th Cir. Nov. 8, 2000) ("The alleged evidence was evidence that came into existence after judgment was entered and this does not qualify as 'newly discovered evidence' under Rule 60(b)(2)"); *Satyam*, 323 F. App'x at 428 (Rule 60(b)(2) motion failed as matter of law because letters relied on did not exist at time of trial so not "newly discovered evidence").

**Rule 60(b)(5)**

Subsection (5) of Rule 60(b) provides that a party may be relieved from a final judgment if "it is based on an earlier judgment that has been reversed or vacated." Since plaintiff's state criminal conviction has been reversed, he contends that this section of the Rule should grant him relief from this court's final judgment. Plaintiff claims that the dismissal of his lawsuit "was in part based on the earlier judgment of convictions." Plaintiff is incorrect. The dismissal of his lawsuit was based entirely on his failure to prosecute his claims in this court, in spite of being given ample time and opportunity to do so. At the show cause hearing held January 12, 2010, absolutely no mention was made of plaintiff's criminal

5

convictions. Furthermore, the order dismissing the case makes abundantly clear that the basis for dismissal was the granting of defendants' motions to dismiss for failure to prosecute, after the matter was before the court for a hearing.

The other language in subsection (5) of the Rule does not apply to this case. No "judgment has been satisfied, released or discharged." Further, the prospective application language has does not apply "because the Court is not engaged in any type of ongoing supervision of the parties." *D'Ambrosio v. Bagley*, 688 F. Supp. 2d 709, 733 n.28 (N.D. Ohio 2010) (citing *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004)).

**Rule 60(b)(6)**

Subsection (6) of Rule 60(b) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

> Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity *mandate* relief. There are few cases elaborating on the something more that is required. This may be explained . . . by the fact that clauses 1-5 of the Rule cover almost every conceivable ground for relief.

*Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468-69 (6th Cir. 2007) (internal

quotation marks and citations omitted) (emphasis in original). The presentation for relief must be "coupled with a showing that 'absent relief, extreme and undue hardship will result.'" *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs., Inc.*, No. 98-5041, 1999 WL 98590, at *3 (6th Cir. Jan. 26, 1999) (quoting *Olle*, 910 F.2d at 365).

Plaintiff has not made any showing that would warrant relief under Rule 60(b)(6). The only reason offered by plaintiff for relief under this section of Rule 60(b) is that he was unable to obtain substitute counsel. This situation does not present the type of "exceptional or extraordinary circumstances" that qualify for relief under Rule 60(b)(6).

IV.

*Conclusion*

Accordingly, for the foregoing reasons, plaintiff's motion for Rule 60(b) relief [doc. 189] will be denied. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

7